

Robert G. Levitt, Esq.
Colorado Reg. No. 24252
Counsel for Defendant
1733 High Street
Denver, Colorado 80218
(303) 377-9000

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,    )
      Plaintiff,    ) CRIMINAL CASE: CR-S-96-288-PMB-RJJ
                           ) CIVIL CASE: CV-S-04-0136-PMP-RJJ
                           )
v.    )
                           )
                           ) MOTION FOR LEAVE TO FILE
KEITH SHWAYDER,    ) MOVANT'S SUPPLEMENT TO HIS
      Defendant.    ) HABEAS CORPUS PETITION FILED
                           ) PURSUANT TO 28 U.S.C. SECTION 2255

COMES NOW KEITH SHWAYDER, Defendant in the above-styled action and hereinafter referred to as "Movant," by and through undersigned counsel, and files this Motion for Leave to File His Supplement to His Habeas Corpus Petition Filed Pursuant to 28 U.S.C. Section 2255 based on the recent U.S. Supreme Court Case of <u>Blakely v. Washington</u>, 2004 WL 1402697.

1. The Movant's Writ of Habeas Corpus Petition is now pending before this Court. As of the date of this Motion, the undersigned counsel has not received a copy of the Government's response Motion.

2. The Movant seeks to file an amended supplemental issue based on the U.S. Supreme Court Case of <u>Blakely v. Washington</u>, 2004 WL 1402697 and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Since the Government, as the respondent in this action, has not filed a response pleading, the Movant may amend his pleadings "as a

568

matter of course." Most importantly, this Court may permit a supplemental pleading" by leave of the court...when justice so requires." In this instance, justice requires that this new Supreme Court case be applied to the facts in this case.

3. Recently, the Supreme Court in <u>Blakely v. Washington</u>, 2004 WL 1402697 addressed the issue of guideline enhancements, which the Movant asserts, in his Supplement to his Writ of Habeas Corpus, that his sentence is in violation of the Sixth Amendment to the United States Constitution. See attached Supplement. This case was decided *after* the Movant filed his Section 2255 Motion.

4. This Court should note, that Movant's section 2255 motion has been pending for over six months without a responsive pleading being submitted by the Government. No prejudice could inure to any party by granting Movant's motion.

WHEREFORE, the Movant respectfully prays that this Court grant this Motion for Leave to File his Supplement in the above referenced habeas corpus proceeding.

Respectfully submitted,

Robert G. Levitt, Esq.
Colorado Reg. 24252
Counsel for Movant
1733 High Street
Denver, Colorado 80218
(303) 377-9000

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was sent by first

class mail this ___ day of August, 2004 to:

Gregory Damm, Esq.
Assistant United States Attorney
Office of the United States Attorney
333 Las Vegas Blvd., South
Las Vegas, Nevada 89101

_____
Robert G. Levitt, Esq.

Robert G.Levitt, Esq.
Colorado Reg. No. 24252
Counsel for Defendant
1733 High Street
Denver, Colorado 80218
(303) 377-9000

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | ) CRIMINAL CASE: CR-S-96-288-PMB-RJJ<br>) CIVIL CASE: CV-S-04-0136-PMP-RJJ |
| v. | ) |
| KEITH SHWAYDER,<br>Defendant. | ) SUPPLEMENT TO DEFENDANT'S WRIT<br>) OF HABEAS CORPUS PETITION FILED<br>) PURSUANT TO 28 U.S.C. SECTION 2255 |

COMES NOW KEITH SHWAYDER, Defendant in the above-styled action and hereinafter referred to as "Movant," by and through undersigned counsel, and files his Supplement to his Writ of Habeas Corpus Petition Pursuant to 28 U.S.C. Section 2255 based on the recent U.S. Supreme Court Case of Blakely v. Washington, 2004 WL 1402697.

## SUPPLEMENTAL ISSUE

**Mr. Schwayder's sentence is unconstitutional and in violation of the U.S. Supreme Court's recent ruling of Blakely v. Washington, 2004 WL 1402697.**

## SENTENCING GUIDELINES

The Movant was sentenced to a term of eighty-seven (87) months on March 7, 2001. The Court assessed a base offense level of 6 pursuant to U.S.S.G. Section 2F1.1(a), a specific offense characteristic enhancement pursuant to U.S.S.G. Section 2F1.1 of +13, a

specific offense characteristic enhancement pursuant to U.S.S.G. Section 2F1.1(b)(2) of +2, a role adjustment enhancement pursuant to U.S.S.G. Section 3B1.1(a) of +4, an obstruction adjustment enhancement pursuant to U.S.S.G. Section 3C1.1 of +2, and a multiple count enhancement adjustment pursuant to U.S.S.G. Section 3D1.4 of +2 thereby yielding a total offense level of 29. With no prior convictions, the Movant was assessed a criminal history category of I with a corresponding sentencing range of 87-108 months.

## ARGUMENT

The Supreme Court in <u>Blakely v. Washington,</u> ___U.S.___(2004) WL 1402697 interpreted a criminal defendant's Sixth Amendment right to trial by jury in order to, in its words, "give intelligible content to the right of jury trial." In reaching its decision, the Court noted, "the Sixth Amendment by its terms is not a limitation on judicial power, but a reservation of jury power", and noted "the jury's tradition function of finding the facts essential to lawful imposition of the penalty." The Court held:

> When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment." (Citation omitted) and the judge exceeds his proper authority. <u>Blakely</u>, 2004 WL 1402697 at *3.

In defining the "statutory maximum" the Court noted, "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose <u>without any additional findings</u>." <u>Blakely</u>, 2004 WL 1402697 at *3.

> Whether the judge's authority to impose an enhanced sentence depends on findings a fact (as in <u>Apprendi</u>), one of several specified facts (as in <u>Ring</u>), or any aggravating fact (as here), it remains the case that the jury's verdict

> alone does not authorize the sentence.  The judge acquires
> that authority only upon finding some additional fact...
> Nor does it matter that the judge must, after finding
> aggravating facts, make a judgment that they present a
> compelling ground for departure.  He cannot make that
> judgment without finding some facts to support it beyond
> the bare elements of the offense.  Whether the judicially
> determined facts require a sentence enhancement or merely
> allow it, the verdict alone does not authorize the sentence.
> Blakely, 2004 WL 1402697 at *4, footnote 8.  (Emphasis
> added).

The impact of Blakely appears to be that the United States Sentencing guidelines, and the "non-jury factual findings" involved in their ordinary application by the Federal Courts, violates the Sixth Amendment right to trial by jury.  The Supreme Court now holds that the Due Process Clause and the Sixth Amendment's right to trial by jury "entitle a criminal defendant to a jury determination that [he] is guilty of every element of the crime with which he is charged beyond a reasonable doubt." Id. at 477.  [W]hen the term "sentence enhancement " is used to describe an increase beyond the maximum authorized statutory maximum sentence, is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict," and therefore must be submitted to the jury.  Id. at 494 n. 19.

Moreover, the Court in Apprendi v. New Jersey, 530 U.S. 466 (2000), reserved the question whether the ruling would have an impact on the sentencing guidelines.  As Justice O'Connor stated, "The Court does not say whether these schemes are constitutional, but its reasoning strongly suggests that they are not." Id. at 552.  Now, in a dissent in Blakely, Justice O'Connor states that, "Washington's sentencing system is by no means unique since numerous other States have enacted guidelines, as has the Federal Government." Blakely, 2004 WL 1402697 at *16.  "Today's decision casts

3

constitutional doubt over them all and, in so doing, threatens an untold number of criminal judgments." Id. Finally, Justice O'Connor stated, that "If the Washington scheme does not comport with the Constitution, it is hard to imagine a guidelines scheme that would." Blakely, 2004 WL 1402697 at *17.

Recently, the United States District Court for the District of Utah in the case of United States v. Croxford, Case No. 2:02-CR-00302PGC (District of Utah, June 29, 2004), held that Blakely now renders the federal sentencing guidelines unconstitutional. As the District Court stated, "a sentence may not be enhanced when doing so requires the judge to make factual findings which go beyond the defendant's plea or the verdict of the jury. Given this rule, there is no way this court can sentence Croxford under the federal sentencing guidelines without violating his right to trial by jury as guaranteed by the Sixth Amendment." Other similar courts have held the federal Sentencing Guidelines unconstitutional in some or all respects. United States v. Booker, 03-4225, 2004 U.S. App. LEXIS 14223 (7th Cir. July 9, 2004); United States v. Einstman, 04 Cr. 97, 2004 U.S. Dist. LEXIS 13166 (S.D.N.Y. July 14, 2004); United States v. Khan, 02-CR-1242, 2004 U.S. Dist. LEXIS 13192 (E.D.N.Y., July 12, 2004); United States v. Marrero, 04 Cr. 0086, 2004 U.S. Dist. LEXIS 13593 (S.D.N.Y. July 21, 2004); United States v. Landgarten, 04-CR-70, 2004 U.S. Dist. LEXIS 13172 (E.D.N.Y. July 15, 2004).

In this case, the Court, not a jury assessed a base offense level of 6 pursuant to U.S.S.G. Section 2F1.1(a). In addition, the Court, not a jury imposed a 13 level increase pursuant to U.S.S.G. Section 2F1.1, a 2 level enhancement for obstruction of justice pursuant to U.S.S.G. Section 3C1.1, a 4 level enhancement for a leadership enhancement pursuant to U.S.S.G. Section 3B1.1(a), a 2 level enhancement based on a specific offense

characteristic pursuant to U.S.S.G. Section 2F1.1(b)(2), and finally a multiple count adjustment increase of 2 levels, thereby yielding a total offense level of 29. These sentencing guidelines were imposed by a preponderance of evidence standard by the Court and never consented to by the Movant.

In accordance with <u>Blakely</u>, the guidelines imposed, especially these enhancements violate the Movant's Sixth Amendment rights to a jury trial because the facts supporting the guidelines, including the enhancements, were neither admitted by the Movant nor found by a jury beyond a reasonable doubt standard. In fact, the indictment fails to state the actual fraud loss or specific enhancements imposed by the Court. These various sentencing penalties now violate the Sixth Amendment to the United States Constitution consistent with the Supreme Court's ruling with <u>Blakely</u>.

## CONCLUSION

The Movant's sentence should be vacated consistent with <u>Blakely v. Washington</u>, 2004 WL 1402697 and a new sentencing hearing should be permitted. At a minimum, all sentencing enhancements imposed in this case should be vacated.

Respectfully submitted,

Robert G. Levitt, Esq.
Colorado Reg. 24252
Counsel for Movant
1733 High Street
Denver, Colorado 80218
(303) 377-9000

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent by first

class mail this ___7___ day of August, 2004 to:

Gregory Damm, Esq.
Assistant United States Attorney
Office of the United States Attorney
333 Las Vegas Blvd., South
Las Vegas, Nevada 89101

Robert G. Levitt, Esq.